| |
|---|
| **Matter of 54 Riverside Dr. Corp. v Appel** |
| 2024 NY Slip Op 31753(U) |
| May 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153421/2024 |
| Judge: Eric Schumacher |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ERIC SCHUMACHER**

*Justice*

---------------------------------------------------------------------X

In the Matter of the Application of:
54 RIVERSIDE DRIVE CORP.,

Petitioner,

For an Order and Judgment pursuant to Section 881 of the
Real Property Actions and Proceedings Law for access to
adjoining property,

- against -

NORMAN APPEL, M.D.,

Respondent.

---------------------------------------------------------------X

| | |
|---|---|
| PART | 23M |
| INDEX NO. | 153421/2024 |
| MOTION DATE | 05/21/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

**NYSCEF doc nos. 1-46 were read on the petition / motion in seq. no. 001 for a license.
NYSCEF doc nos. 47-64 were read on the motion to disqualify filed on May 20, 2024.
NYSCEF dos nos. 65-94 were read on the motion to dismiss filed on May 20, 2024.**

Petition and order to show cause pursuant to Real Property Actions and Proceedings Law
RPAPL 881 for a license to access certain property in favor of petitioner and against respondent
granted to the extent provided.

## BACKGROUND

Petitioner commenced this special proceeding pursuant to RPAPL 881 on April 11, 2024,
by filing a petition[1] together with supporting exhibits, briefing, and a proposed order to show
cause (see NYSCEF doc no. 1, 14). As is relevant here, the petition alleges that petitioner is the
owner of the residential cooperative building located at 54 Riverside Drive, New York, NY,
10024 (hereinafter petitioner's premises) (see NYSCEF doc no. 1 ¶ 1). The petition further
alleges that petitioner is engaged in the performance of façade work at petitioner's premises, as
mandated by the City of New York (see id.). The petition further alleges that respondent, owner
of the property adjacent to the petitioner's premises, located at 322 West 78th Street, New York,
NY, 10024 (hereinafter respondent's premises), has denied petitioner access to respondent's
premises, which is necessary for the completion of the façade work at the petitioner's premises
(see id. ¶ 2).

On April 18, 2024, this court ordered that respondent show cause as to why an order
should not be entered granting petitioner a license to enter respondent's premises for the
purposes of: (1) performing a photographic and/or video preconstruction survey of respondent's
premises; and (2) installing Styrofoam, timber planks, and plywood rooftop protections on a

---

[1] A "corrected" copy of the petition replaced the original filing on April 17, 2024.

portion of the roof of respondent's premises (see NYSCEF doc no. 16). Petitioner states that the roof protections would be in place "no longer than three (3) uninterrupted months" (see NYSCEF doc no. 1 ¶ 21).

In support of the petition and order to show cause petitioner submits a "partial stop work order" from the New York City Department of Buildings (hereinafter DOB). Regarding respondent's property, the partial stop work order states that "no roof protection was provided as required shown on the approved [site safety plan]" (NYSCEF doc no. 10).

Petitioner further submits the site safety plan for the project. The site safety plan states, under a heading entitled "Roof Protection Typical Detail", that "protection of roofs must comply with [NY City Building Code [Administrative Code of City of NY, tit 28, ch 7]] Chapter 33 Section 3309.10" (NYSCEF doc no. 9 at 3). The site safety plan includes schematics showing that the subject repairs to the façade of petitioner's premises will at times be performed at a height of over 48 inches above respondent's premises (see id. at 6).

Petitioner argues that respondent has refused petitioner access to respondent's property, and that that such access is necessary and required by NY City Building Code § BC 3309.10 (see NYSCEF doc no. 1 ¶¶ 10-24). Petitioner further annexes respondent's correspondence denying access to respondent's property (see NYSCEF doc nos. 6, 8).

In opposition respondent argues that the façade repair work can be performed without entering the premises of respondent and that a balance of interests requires that access be denied (see NYSCEF doc no. 46 at 4-8).

## DISCUSSION

RPAPL 881 provides:

"When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry."

In the main, RPAPL 881 permits an owner to petition for a license to enter an adjoining owner's premises when such entry is necessary for making repairs to the petitioner's property and the adjoining owner has refused entry (see 1643 First LLC v 1645 1st Ave. LLC, 224 AD3d 623, 624 [1st Dept 2024]). "The statute is designed to strike a balance between the petitioner's interest in improving its property and the harm to the adjoining property owner's enjoyment of its

[* 2]

property" (Thomas Anthony Holdings LLC v Goodbody, 216 AD3d 538, 539 [1st Dept 2023]). RPAPL 881 and relevant caselaw provide that the court has broad discretion to craft a remedy where entry is necessary (see 1643 First LLC at 624, citing Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 36 [1st Dept 2022], lv dismissed, 38 NY3d 1125 [2022]).

As to the necessity of petitioner's entry into respondent's premises, NY City Building Code § BC 3309.10, entitled "Protection of roofs", states, in pertinent part, that

"Whenever any building is to be constructed or demolished above the roof of an adjoining building, it shall be the duty of the person causing such work to protect from damage at all times during the course of such work and at his or her own expense the roof, skylights, other roof outlets, and equipment located on the roof of the adjoining building. . . . Where construction or demolition work occurs at a height of at least 48 inches (1219 mm) above the level of the adjoining roof, adjoining roof protection shall consist of 2 inches (51 mm) of flame-retardant foam under 2 inches (51 mm) of flame-retardant wood plank laid tight and covered by flame-retardant plywood, or shall consist of equivalent protection acceptable to the commissioner, and shall cover all areas of the adjoining roof that are within a horizontal distance from the building being constructed or demolished equal to the height above the adjoining roof of the highest working level of the building being constructed or demolished, to a maximum of 20 feet (6096 mm), or to a greater maximum when ordered by the commissioner due to a unique hazard at the site."

NY City Building Code § BC 202 defines "construction" as "[t]he excavation, erection, alteration, and repair of buildings or any component parts, including all operations incidental thereto." There is no separate definition, or term of art, for "repairs" in the Building Code.

Based on the definition of "construction" in NY City Building Code § BC 202, the court finds that petitioner's façade repair work is subject to NY City Building Code § BC 3309.10. This code provision is no mere formality, but rather, as the word "shall" denotes, mandatory for the safety of the public and any persons at the adjoining property.

The court finds further that, based on the site safety plan submitted, petitioner's façade work would at times occur at a height of at least 48 inches above respondent's premises. Thus, for the façade work to be completed, petitioner must be in compliance with NY City Building Code § BC 3309.10, as stated in the partial stop work order and indicated in the site safety plan.

Thus, the court finds that petitioner has demonstrated that the sought access to respondent's premises is necessary to the completion of the façade work. In fact, the partial stop work order indicates that the DOB will not allow the façade work to continue until the roof protections sought by petitioner are put into place. Moreover, petitioner has demonstrated respondent's refusal to allow access to the adjoining property by way of the submitted letters between counsel. As such, petitioner is entitled to a license to access the adjoining property for the purposes of the façade work.

[* 3]

The court has considered the arguments raised in respondent's recently filed motion to dismiss the petition and they are unavailing.

Further under the circumstances the court declines to recuse itself from this matter and the application for an immediate disqualification is wholly without merit. The court did not communicate ex parte with petitioner, respondent, their counsel, or indeed, anyone, concerning this special proceeding or any issues raised within it. All email communications between the court and the parties were sent to all parties, and there were no orders in any of the emails. The court directed a conference which is within its purview for the purpose of facilitating the parties' resolution of the dispute on terms which they could agree, as opposed to what might be an "all-or-nothing" decision by the court on the petition. Such conferences are routine. The emails sent from the court speak for themselves and were appropriate and have the full backing of the court.

While petitioner has yet to file opposition papers on respondent's motions to dismiss and to disqualify, as the court's decisions on these motions do not adversely affect petitioner, the court need not await their full submission before rendering its decisions.

As to the communications from the court, the court did not permit further communications by the parties because the court does not accept arguments by email pursuant to its part rules and aside from arranging logistics of appearances, no further correspondence was warranted. In any event, the court could hold oral argument should it require anything further from the parties beyond what was in the papers submitted.

The parties proved unable to meet and confer as directed by the court, respondent refused to appear for the scheduled conference, and the court canceled oral argument and took the application on submission. It is apparent that respondent's position is that there should be no license. The court has considered the application for a license on the merits based on all papers submitted. Any other applications of respondent attempting to turn the focus to this court or its conduct in evaluating the application or assisting with facilitating settlement of the issues raised in the petition amounts to nothing more than a fiction under a legal caption. The façade work to be completed is a grave public safety concern and the court will brook no undue delay of its lawful resolution pursuant to RPAPL 881.

THIS SPACE IS INTENTIONALLY LEFT BLANK

[* 4]

## CONCLUSION

Accordingly, it is

ORDERED that the petition and order to show cause pursuant to RPAPL 881 for a license to access certain property in favor of petitioner and against respondent is granted; and it is further

ORDERED that, within 60 days of entry, petitioner shall submit by NYSCEF and by email to the Clerk of Part 23 a proposed license agreement with a request to so-order, which shall be returnable no earlier than seven days after submission, but if this is not done timely, the petition is deemed abandoned; and it is further

ORDERED that, within seven days of petitioner's submission, respondent may submit by NYSCEF and by email to the Clerk of Part 23 a counter order with a request to so-order; and it is further

ORDERED that the motion to disqualify, at NYSCEF document numbers 47-64, filed on May 20, 2024, is denied; and it is further

ORDERED that the motion to dismiss, at NYSCEF document numbers 65-94, filed on May 20, 2024, is denied; and it is further

ORDERED that, within five days of entry, petitioner shall serve a copy of this order with notice of entry on respondent.

The foregoing constitutes the decision and order of the court.

| | | | |
|---|---|---|---|
| **5/21/2024** | | ERIC SCHUMACHER, J.S.C. | |
| **DATE** | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | X | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153421/2024  54 RIVERSIDE DR. CORP. v APPEL
Motion No. 001

Page 5 of 5

[* 5]